**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAHENDRAKUMAR PATEL, aka Mahendra Kumar Patel, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-70621 <br><br> Agency No. A091-638-481 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009[**]

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Mahendrakumar Patel, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' ("BIA") order affirming an immigration

judge's removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

RB/Research

review "whether substantial evidence supports a finding by clear, unequivocal, and convincing evidence that [petitioner] abandoned his lawful permanent residence in the United States." *Khodagholian v. Ashcroft*, 335 F.3d 1003, 1006 (9th Cir. 2003). We review de novo due process claims in immigration proceedings. *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny the petition for review.

Substantial evidence supports the BIA's determination that the government met its burden of showing Patel abandoned his lawful permanent resident status because the record does not compel the conclusion that he consistently intended to promptly return to the United States. *See Singh v. Reno*, 113 F.3d 1512, 1514 (9th Cir.1997) (stating that "[t]he relevant intent is not the intent to return ultimately, but the intent to return to the United States within a relatively short period"); *see also Chavez-Ramirez v. INS*, 792 F.2d 932, 937 (9th Cir.1986) (holding alien's trip abroad is temporary only if he has a "continuous, uninterrupted intention to return to the United States during the entirety of his visit").

Contrary to Patel's contention, the BIA did not rely on his untranslated sworn statement in reaching its September 22, 2003, decision, thus his due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000).

Patel's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED**.